Toshiba Samsung Storage v. LG Electronics, Inc. Okay, the next argued case is number 17, 1881. Toshiba Samsung Storage v. LG Electronics, Inc. Mr. Roa, when you're ready. May it please the court, good morning. This case is an IPR appeal from a PTAB decision. I'm Joe Roa, I'm representing Toshiba Samsung, the appellant in this appeal. This appeal in this case relates to claim construction. We have one term that was disputed below. It was initially agreed upon below between the parties, and the PTAB in its final written decision came up with a new construction that neither party had even proposed. In the blue brief at 29, you argue that two beams are always diffracted in a particular embodiment because the patent says the holographic ring 353 is designed to hardly diffract the 650 nanometer wavelength light and hardly diffract is still some diffraction. Even if we accept that argument, the specification also includes an example where only one beam is diffracted. For example, figure six in its description. And your expert conceded that the specifications include some examples where only one beam is not diffracted. Given that information, why isn't the broadest reasonable interpretation of the disputed term one that includes situations where only one beam is diffracted, even if the majority of the time two will be diffracted? The specification includes multiple embodiments. In some embodiments, including what I believe is the preferred embodiment at the top of column six, both beams are diffracted. So there's no dispute that top of column six, at least a preferred embodiment, both beams are diffracted. At the bottom of column six, there is a description of an embodiment where only one beam is diffracted. But remember, I'm asking you a BRI question. Now if we look at figure six in general, figure six has a lot of data points on there. The vast majority of data points in figure six illustrate both beams being diffracted. It's only when one is at the very top that only one beam is diffracted. So initially, most embodiments in the spec diffract both beams. With respect to BRI, there are many different claims in this patent. Some claims expressly say you selectively diffract one beam. Other claims, like claim seven, which is the claim at issue here, say you diffract both beams. Other claims, like claims 38 and 42, say you diffract at least one of the beams. So we have one claim set, claim 45 for instance, which says you diffract only one beam. You have another claim set, which is in the middle, you diffract at least one of the two beams, claims 38 and 42. And then we have claim seven, which says you diffract both beams. So there are different claims in the patent that are covering the different embodiments in the specification. Are you telling us to try and get to the resolution that there's more than one invention in this specification, even though patents are supposed to each one to have a separate invention, and that in order to, as this has evolved, in order to avoid the prior art, you no longer intend to claim when only one beam is diffracted, and therefore the patent, the claims, should be construed to eliminate the embodiment where only one beam is diffracted? The claims that relate to only one beam being diffracted were not asserted in the litigation. In the accused product, both beams are diffracted. But we do have a representation of equivalence of everything that's in the spec, and as I understand the entire genesis of these procedures in the office, there is an opportunity, if a debate such as this arises, where you may lose everything because of prior art where only one beam is diffracted, that you can disclaim or amend or limit your claims to what I gather is your argument for patentability, that the prior art does not show diffracting both beams. Isn't that your argument? Our argument is that the prior art does not show diffracting both beams. That's correct. So why not just insert such a limitation into the claims and avoid losing everything on this argument? Because Claim 7, in our view, already says that. Claim 7 says you selectively diffract the first and second beams. But you also have a specification which is broader, and the claims are read in light of the specification unless there's some sort of limitation or disclaimer. You can't have a federal case out of everyone who reads your patent. Well, the word and in Claim 7 expressly states that you diffract the first beam and the second beam. That word and is in the claim. Is that the only claim left in this case? It's the only independent claim left in this case. The only claim left. Independent or dependent is irrelevant. Is it the only claim left that is explicitly limited to both beams? I believe so, Your Honor. Well, then couldn't you have avoided this argument by making explicit that the other claims are not being pursued? I believe in the litigation that was brought, the other claims were not pursued and they were not asserted. Therefore, whenever LG filed the IPR, they only challenged the claims that were asserted. So the claims that relate to only one beam being diffracted were never asserted in litigation. They've never been an issue in this IPR. Well, then what led the board to rely on the prior art that diffracts only one claim to recite? Point two, the specification that is of the breadth, whether it's still brought as reasonable interpretation or whether the new rules apply, I'm not sure about. But whatever it is, you're asking us to construe the claims in a manner that it seems to me could have been avoided by some amendments. If the idea is we want to keep everything because we want to keep everything, because who knows what will happen in the future, we are facing the consequences of that. Well, the patent, I believe, is now expired as a note. But Claim 7 already says expressly that you diffract both beams. It says we diffract the first and second beams. Where in the blue brief did you challenge the PTAB's explanation of the extrinsic evidence? The only extrinsic evidence that is in this case on claim construction is LG's expert admitting that our construction is correct. It's the only term he ever construed in his declaration. He agreed with us. He said our construction is consistent with the specifications. You're telling me that whatever their expert said is good with you. Their expert opined saying our construction is correct. So you're just agreeing that whatever they said is good with you because I'm going to hear from the other side and I have a feeling they're not going to agree with you. Their expert in the expert's declaration has one term he construed in the claim construction section. What he said in the claim construction section is correct. He agreed with us. He said our construction was right. I'll take your answer as yes. In the claim construction section, yes. I don't agree with everything else he said. Where in the blue brief did you challenge the extrinsic evidence upon which the PTAB relied? We challenged the extrinsic evidence. We never said the extrinsic evidence is wrong or incorrect, but we cited to the patent. We cited to the claim language which states diffract the first and second beam. And means and. The PTAB's construction changed and to mean or. We have federal circuit case law which says when the claim says A and B, the ordinary meaning of and means that A and B. Both of them. Because your specification says the second beam, the diffraction, can be zero. No, because the ordinary meaning of and is conjunctive. A and B, it's both of them. And our specification has embodiments, including the preferred embodiment, where both beams are diffracted. Because the specification has a preferred embodiment where both beams are diffracted and must be construed the way it normally is construed, conjunctively. You cannot change and to or, which is what the PTAB did, unless the specification only has one embodiment and that embodiment says you only diffract one beam. And doesn't get changed to or unless the specification mandates it. Here, the specification has embodiments where both beams are diffracted. You can't change and to or when the specification supports our construction. The same phrase at issue, this word selectively, LG is arguing that selectively somehow changes and into or. Well, if you look at other claims like claims 38 and 42. Claims 38 and 42 expressly state selectively diffract at least one of the first and second beams. So those two claims are saying you can diffract either one of the beams or both beams. But the board selectively has to cover diffracting both beams in those claims. You cannot say that for claim 7, selectively means you have to pick only one or the other. Because that would mean that that same word selectively would make no sense in claims 38 and 42. The other claims make this very clear here. We have some claims that call for one beam being diffracted. Other claims, like claim 7 here, both beams are diffracted. And other claims, at least one of the beams is diffracted. The PTAB was wrong to change and into a disjunctive or. Let's hear from the other side. Thank you. Good morning, Judge Newman, and may it please the court. I'd like to use an analogy to illustrate why the PTAB's construction was correct. Assume that you work at a toy factory. And you're instructed by your supervisor to selectively apply red and yellow paint as a function of the fruit to be painted. You paint strawberries, which are red. You paint bananas, which are yellow. And you paint oranges. Sometimes you apply just the red paint. That's to the strawberries. Sometimes you apply just the yellow paint. That's to the bananas. And sometimes you use both. You mix the red and the yellow to get the orange for the oranges. This analogy precisely tracks the language in this claim. What Mr. Roa does when he focuses on the word and. Isn't that just apples and oranges? Yes, Your Honor. I'm channeling Jeff DeLore from up in his chair. I was trying, Your Honor, to find a way to fit in a red herring to this. I think what Mr. Roa's fundamental error and what he doesn't appreciate about the PTAB's construction is the word selectively, which modifies and. And what that means is that in some cases, it's one is 100% diffracted and the other is not diffracted. In some cases, it's the other is not diffracted and one is 100% diffracted. In some cases, it's both. And as Mr. Roa concedes and as his expert conceded below. But Claim 7, Claim 7 recites selectively diffract the first and second light beams rather than at least one of the first and second. That's correct, Your Honor. Given the different usages usually imply different meanings, why doesn't Claim 42 guide your construction? Because the other claims that Mr. Roa is talking about have different claim elements. It's not like you have a one-to-one correspondence here where the only difference is the word at least. There are other differences as well. And under this court's case law, that means you look very carefully at arguments saying this claim means X. Now, in this particular case, there's no disagreement that there are embodiments where just one beam is diffracted and embodiments where both beams are diffracted. We do argue over what is the preferred embodiment. And all of this is at page A37 of the record. But I think it's not disputed that the only embodiment that is specifically described in the specification is one where the diffractive region has a groove depth of 3.8 microns. That's the only embodiment where you have a specific description of the diffractive element. But is it correct that the only claims at issue in this IPR are those in which only one beam is diffracted? To narrow the issues, we have a breadth of scope of claiming. If that breadth isn't an issue in this IPR, then that would help to narrow the issue. Right. Our view, Your Honor, and this is from the board's claim construction at pages 10 through 11, is that their construction included an interpretation in which only one beam is diffracted, but it's not limited to that. That was the BRI question I started out with. Under the BRI standard, when you have in the specification embodiments where one is diffracted and embodiments where both are diffracted, where the construction makes sense, you have the word selectively, under BRI we think it's fairly clear. Let's assume for the sake of argument that the new rules in the office are in effect, and so we're looking for the correct construction rather than something that might be incorrect. Same result under Philips, Your Honor. We don't think the new rules apply. Obviously, we don't think they're going to apply retroactively, nor should they, but if they were, you would get the same result under Philips. Indeed, I think our argument is even stronger, and here's why. Philips focuses on, among other things, the purpose of the invention. Now, I'm not a physicist, but as I understand this invention, the purpose was when you have an optical disc reader where you want to have multiple media, like a CD, a recording CD, and a DVD, you want to have only one tray, but there are going to be two sources of light beams. There's going to be one light beam for the CD and one light beam for the DVD, and they're going to be different wavelengths because you need different wavelengths to read those different optical media. For DVDs, which are thinner, you use the wavelength either 635 or 650 nanometers. What the patent says, and this is what the prior art says, is for the DVD, you would just have a lens that let everything through. It would work perfectly on the DVD, both in the inner region and in the outer regions where these diffractive regions were. For the CD, because it's thicker and because of the different wavelength, you need to focus it differently. The way you would focus it differently is, in the prior art, there were these thin films that would just block the wavelength in the diffractive regions of the outer part of the lens. In this invention, instead of having the thin film for which there were manufacturing issues, you would have a diffractive region, and that diffractive region would diffract the light in the diffractive regions that was going to the CD. The problem, the goal of the invention was, you want to not diffract one, that is the beam that's going to the DVD, and you want to diffract the other, the beam that's going to the CD. That's exactly what's described in the specification as the problem. The problem was these thin films had manufacturing issues, and the solution to the problem. Under Phillips, it points directly to the construction that the PTAB came to. I think under Phillips, we're even better off than under BRI, counterintuitive as that may sound. The PTAB's construction said that one could be at zero. That's correct. That's correct. That's what is in the most preferred embodiment of this invention, where the zero diffraction, now we have a dispute as to whether it's zero percent diffraction or zero with order diffraction. I don't think we need to get into those physics. The zero diffraction is for the DVD beam going through and hitting the DVD. That was fine. Why would you have a lens where you have to diffract both of them if you can start off with a lens where one of them is perfect without a diffractive region? That's what the patent says. Under Phillips, we come out exactly at the same place that the PTAB came out under BRI. Unless the court has further questions, I have nothing further. Talk about the APA for a little bit. The APA, the Admitted Prior Art or the Administrative Procedures Act? I'm sorry. There's an alleged APA violation. Okay. It wasn't mentioned at all by your opposing counsel on it. Right. I think they have two APA arguments. One is that somehow the agreed construction was ignored and they were surprised. The agreed construction was not ignored. What happened is the PTAB said, we find no need for an express construction in their initiation decision. I'm asking you this question because I'm going to ask your opposing counsel anyway. Right. Then the parties fought about it. They fought about it like cats and dogs in the breeze below, which your Honor has seen, and the declarations below, and an oral argument. In fact, that was the only issue with oral argument, plain construction of this term. Their second APA argument is that the PTAB improperly, and they make this argument in footnote three of page 12 of their brief, I think, that the PTAB improperly ignored an argument that they made about the use of the word hardly, which your Honor had cited. To be very precise about it, the PTAB was correct. In their briefing, they never used the word hardly, nor did they make any arguments based on that word. What they did do in their briefing was cite to that portion of the specification. I think it was a 17-line portion, but the PTAB was certainly free to conclude that since they didn't make the specific argument, what was it that they wanted the PTAB to pull out of that 17-line portion of the specification? More fundamentally is the PTAB very carefully looked at that column in the patent and did its substantive analysis. It didn't look at the word hardly, but it looked at everything else, including that specific example that they gave. I think it's perfectly appropriate, as this court has said, that a lawyer can't sort of hide the argument. I'm not attributing any ill will or motive here, but you can't come up with an argument later that you haven't specifically flagged for the court. I don't know if that addresses the APA issue. That's fine. You're addressing something that hasn't been said yet. Thank you. If the panel has no further questions, I'm prepared to rest on these remarks. Thank you. I want you to address the APA. First or second? First, I assume. The APA, the hardly aspect or the new construction without giving us a chance to ever take discovery, declaration, et cetera. I'll do the latter first. The construction that the board came up with in the final written decision was never proposed by us. It was never proposed by LG. It was never anywhere in the record until the final written decision. Our declaration, when we submitted our declaration in this proceeding, we didn't know about it. When we submitted our brief, we didn't know about it. When we took discovery, we didn't know about it. So our point is you can't come up with a construction in the final written decision which no side has ever argued. There's a due process violation there. There's an APA violation there. With respect to the hardly argument, LG in its reply brief below starts off on page one of its reply brief stating that our argument, they called our argument the hardly argument. So there's no realistic argument that we didn't argue this hardly term. We cited to that portion of the specification LG called it the hardly argument below. With respect to BRI, BRI was never meant to ignore the canons of claim construction. We have a lot of claim construction rules here. Plain language, and means and. Well, they have a broad construction, but that's supported by your specification. It seems to me having one of the beams is diffracted at zero. That's really what I'm trying to understand. It does look as if perhaps the construction was too broad, but you told me just a few minutes ago that this is something that you need and want is that breadth of construction. We do not want that breadth of construction. We want a construction that says both beams. But it's in the claims. Forget the broadest. It's in the claims. It's in the specification. Claim seven, the only independent claim at issue here. Claim seven says expressly diffract the first and second beam. The PTAB's construction has changed that to or. But you haven't disclaimed all the other claims. I think many of the other claims have been disclaimed. I said all. I don't think all. Claims that were not asserted in litigation were never at issue anywhere. Well, it leaves the impression, more than an impression, that the other claims are supported by the specification. They may run into problems with the prior art, as having a single diffraction does. Looking to try and put the best face on it is that there may very well have been a contribution over the prior art, but that that's not enough. Claim seven expressly says you diffract the first and second beams. The prior art doesn't have that. The PTAB's construction would deviate from the preferred embodiment in the spec where both beams are diffracted. Claim construction canon. You construe claims, as Your Honor said, selectively, according to the PTAB, all of a sudden has different meaning in claim seven than it does in claims 42 and 38. That's clearly wrong. You can't do that. The PTAB's construction renders superfluous the phrase and second in claim seven. You can't do that. You can't use BRI to say selectively means one thing here and a completely different thing in these other claims. I think we need BRI to come out in the same place, but all these claims are there. They'll one way or another be absorbed in some kind of estoppel. And I'm just looking for a focus that directly confronts the issue that seemed to concern the PTAB. And that was the breadth. The focus is that the claim says you diffract the first and second beams. And does that mean or? Any more questions? Thank you, Your Honors. Thank you both. Thank you, Your Honors.